CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2009

JOHN F. CORCORAN, CLERK
BY: /s/ 
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CORNELIUS A. TUCKER, | ) |
| Petitioner, | ) Civil Action No. 7:09CV00171 |
| v. | ) MEMORANDUM OPINION |
| GENE M. JOHNSON, | ) |
| | ) By: Samuel G. Wilson |
| Respondent. | ) United States District Judge |

This is a petition for writ of habeas corpus by Cornelius A. Tucker pursuant to 28 U.S.C. § 2254 challenging the lawfulness of his convictions for possession of cocaine in violation of Virginia Code §18.2-250, possession of a firearm while in possession of cocaine in violation of Virginia Code §18.2-308.4(B), possession of marijuana in violation of Virginia Code §18.2-250, and possession of a concealed weapon in violation of Virginia Code §18.2-308. Tucker maintains that his convictions were obtained from evidence derived from an unconstitutional search and seizure, and that he was denied effective assistance of counsel in three ways. The court finds that Tucker had a fair opportunity to raise his Fourth Amendment claims in state court and that they are not cognizable in federal habeas. The court also finds that Tucker has procedurally defaulted his effective assistance claims. He can show neither cause and prejudice nor actual innocence to excuse the default. Accordingly, the court dismisses Tucker's petition.

I.

Tucker was convicted of possession of cocaine in violation of Virginia Code § 18.2-250, possession of a firearm while in possession of cocaine in violation of Virginia Code §18.2-308.4(B), possession of marijuana in violation of Virginia Code §18.2-250, and possession of a concealed weapon in violation of Virginia Code §18.2-308. Tucker appealed his convictions to

the Court of Appeals of Virginia. That court denied his appeal. After the Supreme Court of Virginia refused his second-tier appeal, Tucker filed a petition for a writ of habeas corpus in the Circuit Court of Campbell County, Virginia. The Circuit Court denied and dismissed the petition. Tucker did not appeal the dismissal. Instead, approximately two months later, Tucker filed a second petition for habeas in the Supreme Court of Virginia and later a motion requesting the Supreme Court of Virginia to enter an order declaring "null and void" his Circuit Court petition as well as the Circuit Court's dismissal order. He also filed a "Supplemental Petition" in that court. In dismissing the claims, the Supreme Court of Virginia ruled that the petition was not properly before it because "habeas corpus is not a substitute for appeal," and the appropriate action would have been to appeal the Circuit Court's denial. Tucker responded by filing a petition for a writ of habeas corpus in this court, maintaining that his Fourth Amendment rights were violated and that he was denied the effective assistance of counsel in three instances.[1]

## II.

Tucker asserts that his convictions were obtained by evidence from a search and seizure that violated his Fourth Amendment rights. Federal habeas corpus, however, is not available for an alleged Fourth Amendment violation when the prisoner was afforded the opportunity for full and fair litigation of the issue in state court. See Stone v. Powell, 428 U.S. 465, 481-482 (1976); Boggs v. Bair, 892 F.2d 1193 (4th Cir. 1989). The record discloses that Tucker fully litigated his Fourth Amendment claim in the Virginia courts, and he points to nothing that impaired that

---

[1] Tucker complains that his counsel failed to comply with his request for a lab analysis; he complains about his counsel's agreement to conceal a confidential informant's involvement from the jury; and he complains about his counsel's agreement to the introduction of certain photographs and testimony regarding those photographs.

2

litigation. Accordingly, his Fourth Amendment claim is not cognizable here, and the court dismisses it.

### III.

Tucker maintains that he was denied the effective assistance of counsel in three instances. Tucker raised similar claims in the state habeas petition he filed in the Circuit Court of Campbell County, Virginia. That court denied his petition on its merits on October 20, 2008. Tucker did not appeal, but instead filed a new habeas petition in the Supreme Court of Virginia, in effect challenging the denial. The Supreme Court of Virginia dismissed his petition on the ground that habeas corpus is not a substitute for appeal, and therefore Tucker should have directly appealed the denial, as opposed to filing a new habeas claim. Respondent has moved to dismiss Tucker's current effective assistance claims on the ground that Tucker procedurally defaulted those claims when he failed to appeal. The court grants respondent's motion.

A petitioner's failure to appeal dismissal of habeas claims by the state trial court bars federal habeas review of those claims. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986).[2] Tucker seeks to avoid his procedural default on two grounds: first, that governmental officials interfered with his defense and second, that he is actually innocent.

To support his first ground for avoiding procedural default, Tucker states under penalty of perjury that he did not receive the order of the Circuit Court of Campbell County dismissing his petition. However, his asserted failure to receive an order falls far short of demonstrating governmental interference with his defense. In Murray v. Carrier, the Supreme Court explained

---

[2] To the extent Tucker's current ineffective assistance of counsel claims differ from those presented in his state petition, Virginia Code §8.01-654(b)(2) bars them from review in Virginia's courts.

3

that "interference by officials" as a ground for avoiding procedural default requires that the interference make compliance "impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986). Tucker has offered essentially nothing to indicate that "interference by officials" rendered his compliance "impracticable." The court notes that Tucker filed a habeas petition in the Supreme Court of Virginia on December 8, 2008, and referenced in that petition the fact that the Circuit Court had dismissed his petition on October 22, 2008. Although his thirty days within which to appeal had expired as of the date he filed his habeas petition in the Supreme Court of Virginia, nothing prohibited him from filing a timely motion in the Circuit Court of Campbell County seeking relief from the order pursuant to Virginia Code §8.01-428 C. In short, he has not demonstrated governmental interference with his defense but instead has highlighted his own additional procedural failure.

As a second ground to avoid his procedural default, Tucker generally asserts that he is actually innocent. The actual innocence standard is demanding and permits review only in the extraordinary case. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Murray, 477 U.S. at 496. Actual innocence means "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). To show actual innocence as a gateway to his defaulted claims, Tucker must establish that in light of new evidence, evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). To determine whether Tucker has met this standard, this court, as a habeas court, "must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would

4

necessarily be admitted under the 'rules of admissibility that would govern at trial.'" House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327-28). It must then make "a probabilistic determination about what reasonable, properly instructed jurors would do." Schlup, 513 U.S. at 329. "[B]ecause a Schlup claim involves evidence the trial jury did not have before it, the inquiry requires a federal court to assess how reasonable jurors would react to the overall, newly supplemented record." House, 547 U.S. at 519. Here, Tucker has offered essentially nothing suggesting that he is actually innocent. To the contrary, he seeks to exclude evidence he claims was gathered in violation of the Fourth Amendment, evidence that supports his guilt. In short, he has no credible basis for claiming that he is actually innocent. Accordingly, Tucker has procedurally defaulted his claims, and the Court dismisses them.

## IV.

For the foregoing reasons Tucker's petition for writ of habeas is **DENIED** and respondent's motion to dismiss is **GRANTED**.

**ENTER:** This September 24, 2009.

_____
UNITED STATES DISTRICT JUDGE